# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| **In Re:** <br><br> **Michael Billon,** <br><br> Debtor. | **Case No. 20-17535** <br><br> Chapter 7 <br><br> Hon. A. Benjamin Goldgar |
| **David Schneider and Deborah Schneider**, <br><br> Creditors-Plaintiffs, <br><br> v. <br><br> **Michael Billon,** <br><br> Debtor-Defendant. | Adv. No. |

## ADVERSARY COMPLAINT OBJECTING TO DISCHARGE

NOW COME the Creditors-Plaintiffs, David Schneider and Deborah Schneider (the "Schneiders" or "Creditors"), by their attorneys, FUCHS & ROSELLI, LTD., and pursuant to 11 U.S.C. § 727(c) and Rule 7001(4) of the Federal Rules of Bankruptcy Procedure, for their Complaint objecting to the discharge of Debtor-Defendant, Michael Billon ("Debtor" or "Defendant"), state as follows:

## PARTIES

1. This case was commenced on September 23, 2020, by the filing of a *Voluntary Petition* (the "Petition") under Chapter 7 of the United States Bankruptcy Code by Debtor (the "Petition Date").

2. Creditors are judgment creditors of Debtor, as the Debtor was the

Defendant in a multi-count Complaint sounding in breach of contract, fraud, consumer fraud, and negligence, which was taken to summary judgment on all counts in Cook County, IL. A final judgment in the amount of $735,458.00 was entered against Debtor on July 10, 2020 (the "Judgment").

## JURISDICTION AND VENUE

3. This Complaint is an adversary proceeding pursuant to Rule 7001(4) of the Federal Rules of Bankruptcy Procedure as it is a proceeding objecting to the Debtor's discharge, and it is timely as it was filed before the deadline to object to discharge set by the Court, December 22, 2020.

4. This adversary proceeding is a core proceeding under 28 U.S.C. § 157(b)(2). Thus, this Court has jurisdiction over this proceeding pursuant to both 28 U.S.C. §§ 157 and 1334.

5. Venue in this proceeding is proper in this District pursuant to 28 U.S.C. § 1409(a).

## FACTUAL ALLEGATIONS

6. On March 28, 2018, Creditors filed their Complaint in the Circuit Court of Cook County against Debtor, Joseph Leicht, and Joey Leicht Design, Inc., in Case No. 2018-L-03169 (the "Litigation"). A true and correct copy of the Complaint is attached hereto and incorporated herein as **Exhibit 1**.

7. The subject of the Complaint was, *inter alia*, Debtor's numerous fraudulent acts and violations of consumer protection statutes in connection with a home repair improvement project (the "Project") at Creditors' home located at 3435 West Glenlake Ave, Chicago, Illinois 60659 (the "Property").

8. In the Complaint, Creditors pleaded counts against Debtor for claims for civil fraud, violations of the Illinois Consumer Fraud and Deceptive Business Practices Act, 815 ILCS 505/1, *et seq*. (the "Consumer Fraud Act").

9. As more particularly detailed in Exhibit 1, the claims in the Complaint arose from Debtor's numerous fraudulent acts in connection with Debtor's fraudulent misrepresentations to Creditors, including but not limited to: misrepresentations related to the fictitious business entity name under which Debtor conducted business to; fraudulent statements and omissions pertaining to required disclosures under consumer rights statutes; and fraudulent misrepresentations regarding Debtor's competence and the progress and quality of Debtor's work. *See, e.g.*, **Exhibit 1** at ¶¶ 34, 37, 57-63, 79-88, and 117-118.

10. In addition, Debtor's conduct as described in the Complaint demonstrated a malicious and willful destruction of the Property, as Debtor caused significant damage to the flooring, paint, roof installation, skylight, gutters, unnecessary demolition work to a garage lip, unsupported extension work regarding a second floor installation, breaking the garage door, installing faulty plumbing, and installing a faulty HVAC system. *See e.g.* **Exhibit 1** at ¶ 44

11. This destructive "work" performed at the Property required significant remedial measures to repair.

12. Debtor appeared in the Litigation through counsel and was afforded the opportunity to meaningfully participate and contest the allegations of the Complaint. A true and correct copy of the appearance of George A. Chepov of Chepov & Scott, Ltd., on behalf of Michael Billon d/b/a Lam-Tech Designs, Inc., is attached hereto and

incorporated herein as **Exhibit 2**.

13. On March 22, 2019, Creditors filed a Motion for Summary Judgment in the underlying Litigation. A true and correct copy of the Motion for Summary Judgment is attached hereto and incorporated herein as **Exhibit 3**.

14. Debtor's counsel filed a Motion to Withdraw and, on April 2, 2019, subsequent to the filing of Creditors' Motion for Summary Judgment, Debtor's counsel's Motion to Withdraw was granted. A true and correct copy of the April 2, 2019 Case Management Order granting Chepov & Scott's Motion to Withdraw is attached hereto and incorporated herein as **Exhibit 4**.

15. Debtor continued to participate in the proceedings and appeared in open court on subsequent occasions, including but not limited to his appearance on May 2, 2019, wherein the Court granted Debtor additional time to retain counsel. A true and correct copy of the May 2, 2019 Status/Case Management Order is attached hereto and incorporated herein as **Exhibit 5**.

16. In a May 20, 2019 order, the Court gave Debtor leave to respond to the Motion for Summary Judgment. A true and correct copy of the May 20, 2019 Order setting a briefing schedule is attached hereto and incorporated herein as **Exhibit 6**.

17. On July 10, 2019, an Order granting summary judgment was entered against Debtor in the amount of $735,458.00 (the "Judgment"). A true and correct copy of the Order of Judgment is attached hereto as **Exhibit 7**.

18. In the Order, the Honorable Margaret A. Brennan found that there was no genuine issue of material fact regarding all of Creditors' causes of action against Billon, including but not limited to their claims for fraud and consumer fraud.

19. The Judgment represents a debt for money obtained by false pretenses, false representations, and/or actual fraud.

20. The Judgment further represents Debtor's liability for conduct which constituted willful and malicious injury to Creditors' property.

21. Debtor's obligations under the Judgment are not a consumer debt within the meaning of 11 U.S.C. § 523.

## COUNT I
## 11 U.S.C. 523(a)(2)(A): Money Obtained By Fraud

22. The allegations of Paragraphs 1 – 21 are incorporated herein as though fully restated in this Paragraph 22.

23. Section 523(a)(2)(A) of the Bankruptcy Code provides that a discharge under Section 727, *et seq.*, of the Bankruptcy Code does not discharge an individual debtor for "any debt . . . (2) for any money, property, services, or an extension, renewal, or refinancing of credit, to the extent obtained by—(A) false pretenses, a false representation, or actual fraud, other than a statement respecting the debtor's or an insider's financial condition[.]"

24. The Judgment represents a debt for money obtained by Debtor under false pretenses, numerous false representations, and/or actual fraud.

25. Debtor's many material false pretenses, false representations, and/or actual instances of fraud were the subject of the Litigation.

26. The Litigation was a contested proceeding in which Debtor appeared through counsel and had the opportunity to meaningfully participate in.

27. Judgment was awarded in favor of Creditors and against Debtor for the

allegations of common law fraud, as well as violations of the Consumer Fraud Act.

28. As more particularly described in the Complaint and Motion for Summary Judgment, Debtor knew that his material misrepresentations were false at the time these statements were made, and the Judgment arose from these false statements and acts of fraud.

29. Consequently, Debtor cannot now dispute that these sums were awarded as a direct and proximate cause of his fraudulent conduct, as more particularly described in Creditors' Complaint and Motion for Summary Judgment. *See* **Exhibits 1**, **3**, and **7** hereto.

30. Discharge of the Judgment must therefore be denied.

## COUNT II
### 11 U.S.C. 523(a)(6): Willful and Malicious Injury to Property

31. The allegations of Paragraphs 1 – 21 are incorporated herein as though fully restated in this Paragraph 31.

32. Section 523(a)(6) of the Bankruptcy Code prohibits discharge of any debt which arises from the willful and malicious injury by the debtor to another entity or to the property of another entity.

33. As defined in the Bankruptcy Code, an "entity" includes a natural person. *See* 11 USC § 101(15); 101 USC § 101(41).

34. The sheer destruction caused by Debtor to Creditors' personal property and to the Property included, but is not limited to, considerable damage to the floors, roof, skylight, garage, gutters, unsupported extensions built on the second floor, plumbing, and HVAC systems. *See* **Exhibits 1, 3**, and **7**.

35. The significant damage caused by Debtor's misconduct was the subject of the Judgment entered against Debtor in the Litigation.

36. Debtor had the opportunity to meaningfully participate in the Litigation and to contest the allegations contained within the Complaint, and was represented by Counsel in the Litigation.

37. Debtor therefore cannot dispute that the Judgment constitutes a debt arising from willful and malicious injury to Creditors' property.

38. Discharge of the Judgment must therefore be denied.

**WHEREFORE**, Creditors-Plaintiffs, David Schneider and Deborah Schneider pray as follows:

A. For an Order denying the Debtor-Defendant Michael Billon's discharge pursuant to 11 U.S.C. § 727 and 11 U.S.C. § 523; and;

B. All other relief that is just, proper, and necessary.

Respectfully submitted,

**David Schneider and Deborah Schneider**

/s/ Shomshon Moskowitz
One of their attorneys

Shomshon Moskowitz (#6297247)
John H. Mattheessen (#6333034)
**FUCHS & ROSELLI, LTD.**
200 South Wacker Drive, Suite 600
Chicago, Illinois 60606
(312) 651-2400
smoskowitz@frltd.com
jmattheessen@frltd.com